# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STEAVIN REED MARTIN,<br><br>      Plaintiff,<br><br>    v.<br><br>MIKE RHODES, *et al.*,<br><br>      Defendants. | Case No. 3:21-cv-00211-RRB |

## ORDER OF DISMISSAL

On September 21, 2021, Steavin Reed Martin, a self-represented prisoner, filed a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983, a civil cover sheet, and a Prisoner's Application to Waive Prepayment of the Filing Fee.[1]

**I. Complaint**

Plaintiff names "Presiding Judge," Assistant District Attorney Diana Kniazewycz, and Mike Rhodes of Denali Law Group, acting as publicly appointed counsel, as defendants.[2] Defendants are judicial officers or attorneys appearing before the Alaska Superior Court in Plaintiff's ongoing criminal matter *State of Alaska v. Martin*, Case No. 3AN-20-09820CR.[3]

---

[1] Dockets 1–3.

[2] Docket 1 at 2.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are

Plaintiff alleges that since his arrest Defendants "have continuously conspired against my 14th Amendment right by excluding me from court hearings, effectively [eliminating] my ability to exhaust my administrative [remedies]" and have violated several Alaska statutes.[4] He further alleges that Defendant Rhodes will not file a Motion to Dismiss, because "he doesn't think it will bear fruit."[5] Additionally, he states: "The courts cannot use Covid 19 as an excuse to postpone or suspend my inalienable rights at their convenience."[6]

Additionally, Plaintiff alleges Defendants "have continuously violated my 6th Amendment right to a speedy and public trial" . . . and "All three parties are acting in [collusion] to deny me this right have violated their oath of office, committing crimes."[7]

For relief, Plaintiff requests (1) $2,420,000.00 in damages; (2) $2,420,000.00 in punitive damages; (3) an order dismissing his state court charges; and a (4) declaration that "we made a mistake and agree to dismiss and or pay."[8]

---

appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

[4] Docket 1 at 3.

[5] Docket 1 at 3.

[6] Docket 1 at 3.

[7] Docket 1 at 5.

[8] Docket 1 at 8.

Case No. 3:21-cv-00211-RRB, *Martin v. Rhodes, et al.*
Order of Dismissal
Page 2 of 9
Case 3:21-cv-00211-RRB   Document 7   Filed 11/29/21   Page 2 of 9

The Court takes judicial notice that Plaintiff's pending criminal matter *State of Alaska v. Martin*, Case No. 3AN-20-09820CR commenced December 20, 2020.[9] Plaintiff faces three charges: (1) Theft in the First Degree, a Class B Felony; (2) Vehicle Theft in the First Degree, a Class C Felony, and (3) Violating Conditions of Release, a Class B Misdemeanor.[10]

## II. Screening Requirement

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[11]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] In conducting its

---

[9] *Supra* note 4.

[10] *Id.*

[11] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:21-cv-00211-RRB, *Martin v. Rhodes, et al.*
Order of Dismissal
Page 3 of 9
Case 3:21-cv-00211-RRB   Document 7   Filed 11/29/21   Page 3 of 9

review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[13] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14]

## III. Discussion

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[15] For relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[16] To act under the color of state law, a complaint must allege that the defendants acted with state authority as state actors.[17] Furthermore, a defendant must be eligible for suit. Plaintiff fails to plead this required element; therefore, the Complaint must be dismissed.

---

[13] See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[14] See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] Graham v. Connor, 490 U.S. 386, 393–94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).

[16] Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).

Case No. 3:21-cv-00211-RRB, *Martin v. Rhodes, et al.*
Order of Dismissal
Page 4 of 9
Case 3:21-cv-00211-RRB   Document 7   Filed 11/29/21   Page 4 of 9

a. <u>Defendant Rhodes</u>

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, . . . not a state actor."[18] Such a lawyer, whether from the Office of Public Advocacy, Public Defender's Office, or by contract is "no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."[19] It does not matter that a state criminal defense lawyer is paid from public funds. "Except for the source of payment, . . . the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."[20] This means that because a criminal defense lawyer's duty and loyalty are to his client, not the state, a court appointed attorney is not a state actor for purposes of Section 1983.

Mike Rhodes is an attorney with Denali Law Group, a contractor of the Public Defender's Office. The Complaint seeks damages from the attorney due to his alleged actions as his court appointed attorney. Mr. Rhodes, as court appointed counsel to the indigent, is not a state actor as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

---

[18] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[19] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

[20] *Polk County*, 454 U.S. at 318–19.

Case No. 3:21-cv-00211-RRB, *Martin v. Rhodes, et al.*
Order of Dismissal
Page 5 of 9
Case 3:21-cv-00211-RRB   Document 7   Filed 11/29/21   Page 5 of 9

### b. Defendant "Presiding Judge"

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[21] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity.[22] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[23]

"Presiding Judge" is a judicial officer in the Alaska Superior Court. The Complaint seeks damages from the attorney due to his alleged actions as the presiding judge in Plaintiff's ongoing state court criminal matter. "Presiding Judge," as a judicial officer, is immune from suit as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

---

[21] *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman*, 793 F.2d at 1076.

[22] 42 U.S.C. § 1983.

[23] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Case No. 3:21-cv-00211-RRB, *Martin v. Rhodes, et al.*
Order of Dismissal
Page 6 of 9
Case 3:21-cv-00211-RRB   Document 7   Filed 11/29/21   Page 6 of 9

c. <u>Defendant Kniazewycz</u>

District attorneys are state actors; however, prosecuting attorneys are immune from suit. Prosecutorial immunity protects government attorneys when they are acting pursuant to their judicial role as an advocate for the state performing functions "intimately associated with the judicial phase of the criminal process."[24] A prosecutor's absolute immunity extends to "initiating a prosecution and presenting the State's case,"[25] including eliciting witness testimony, arguing motions, and pretrial court appearances.[26]

However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."[27] Further, a prosecutor can be held accountable for malicious prosecution. But for any such claim to go forward, a claimant must provide plausible factual details and more than just conclusory allegations.[28] Most importantly, a claim for malicious prosecution cannot proceed until the termination of the prior criminal proceeding

---

[24] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[25] *Id.*

[26] *See Burns v. Reed*, 500 U.S. 478, 490–91 (1991).

[27] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

[28] *Iqbal*, 556 U.S. at 679 (stating that pleadings which "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Case No. 3:21-cv-00211-RRB, *Martin v. Rhodes, et al.*
Order of Dismissal
Page 7 of 9
Case 3:21-cv-00211-RRB   Document 7   Filed 11/29/21   Page 7 of 9

has occurred in favor of the accused.[29] This "avoids parallel litigation over the issue of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."[30]

Diana Kniazewycz is the Assistant District Attorney for the State of Alaska. The Complaint seeks damages from the attorney due to her alleged actions as the prosecuting attorney in Plaintiff's ongoing state court criminal matter. Ms. Kniazewycz, as a prosecuting governmental attorney, is immune from suit as a matter of law. Therefore, she cannot be sued under 42 U.S.C. § 1983.

## IV. Conclusion

Plaintiff has failed to name a proper state actor or a state actor that is not immune from suit under 42 U.S.C. § 1983. No other defendants could be substituted under the alleged facts; therefore, amendment is futile, and the Complaint must be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. This action shall be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief can be granted, seeking relief from a defendant who is immune from suit, and the futility of amendment.

---

[29] *Heck v. Humphrey*, 512 U.S. 47, 484 (1994).

[30] *Heck*, 512 at 484.

2. All pending motions are **DENIED AS MOOT**.

3. A dismissal under these circumstances would be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S. Ct. 172 (2020).[31]

4. The Clerk of Court shall issue a final judgment.

DATED this 29th day of November, 2021, at Anchorage, Alaska.

/s/ Ralph R Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[31] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:21-cv-00211-RRB, *Martin v. Rhodes, et al.*
Order of Dismissal
Page 9 of 9
Case 3:21-cv-00211-RRB   Document 7   Filed 11/29/21   Page 9 of 9